The **CONJUGAL SOCIETY** Composed of Juvenal Rosa, Pedro and Amador De Rosa, Rosario, Juvenal Rosa, Pedro and Amador De Rosa, Rosario, Individually, Plaintiffs, Appellants,

v.

**CHICAGO TITLE INSURANCE COMPANY** et al., Defendants, Appellees.

No. 80–1686.

United States Court of Appeals, First Circuit.

Submitted March 17, 1981.

Decided April 1, 1981.

---

Stanley R. Segal and Ramirez, Segal & Latimer, San Juan, P.R., for defendant, appellee First Federal Savings and Loan Association of Puerto Rico on "Motion for Summary Disposition and Dismissal of Appeal and Memorandum in Support thereof".

Harry Segarra Arroyo, Carolina, P.R., and Harvey B. Nachman, San Juan, P.R., on memorandum in opposition thereto.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from the district court's dismissal of their amended complaint for lack of jurisdiction.* The sole issue they have raised is that the district court erred in deciding that 12 U.S.C. § 632 was no longer applicable to banking transactions involving federally incorporated organizations in Puerto Rico. After their appeal was brought, this court, in accord with the position here advanced by appellants, held in another case that section 632 remained applicable. *First Federal Savings & Loan Association of Puerto Rico v. Ruiz De Jesus,*

* The district court's opinion is published at 497 F.Supp. 41 (D.P.R.1979).

644 F.2d 910 (1st Cir. 1981). In that case, we expressly overruled the district court's decision here on the section 632 question. *Id.,* at 914 n.7.

Notwithstanding our ruling in *First Federal Savings & Loan Association of Puerto Rico,* appellee argues that we should still affirm the district court's dismissal on the grounds that plaintiffs' amended complaint does not state a claim "[a]rising out of transactions involving ... banking...." 12 U.S.C. § 632. That issue, however, was never decided by the district court, *see* 497 F.Supp. at 47, and it may also require some further factual development. We think the district court must be given an opportunity to pass on the matter and to proceed further or not as it may determine.

We accordingly vacate the district court's judgment dismissing the amended complaint for lack of jurisdiction on grounds that 12 U.S.C. § 632 is not applicable in Puerto Rico. We remand the case to the district court for further proceedings not inconsistent herewith.

*So ordered.*